UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRUITRADE INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> SEVEN STARS FRUIT COMPANY LLC, et al., <br><br> Defendants. | CASE NO. C12-0815JLR <br><br> ORDER |

This matter is before the court on Plaintiff Fruitrade International, Inc.'s ("Plaintiff" or "Fruitrade") motion for a temporary restraining order and preliminary injunction. (Mot. (Dkt. # 8).) The court heard the oral argument of counsel on May 21, 2012, and has also considered all pleadings on file, including:

(1) Fruitrade's motion for a temporary restraining order and preliminary injunction (Dkt. # 8);

ORDER- 1

1     (2) the declaration of Ingrid Hamburger (Dkt. # 8-1) in support of Fruitrade's

2 motion for a temporary restraining order and preliminary injunction, and all exhibits and

3 attachments thereto;

4     (3) the declaration of Jamie Falter (Dkt. # 8-2) in support of Fruitrade's motion

5 for a temporary restraining order and preliminary injunction, and all exhibits and

6 attachments thereto; and

7     (4) Fruitrade's complaint (Dkt. # 1).

8     The court is authorized to issue this temporary restraining order by Federal Rule of

9 Civil Procedure 65(b). Fed. R. Civ. P. 65(b). Having stated its findings of fact and

10 conclusions of law on the record at the May 21, 2012 hearing, and having found that the

11 factors for a temporary restraining order recently set forth in *Alliance for the Wild*

12 *Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011), have been met, the court hereby

13 GRANTS Fruitrade's motion for a temporary restraining order (Dkt. # 8).

14     NOW THEREFORE IT IS HEREBY ORDERED, that Defendants Monte

15 Maberry and Seven Stars Fruit Company LLC (collectively, "Defendants"), and their

16 customers, agents, officers, subsidiaries, assigns, and banking institutions, shall not

17 alienate, dissipate, pay over, or assign any assets of Monte Maberry or Seven Stars Fruit

18 Company LLC or its subsidiaries or related companies except for payment to Plaintiff

19 until further order of this court or until Defendants pay Plaintiff the sum of $786,810.28

20 by cashiers check or certified check, at which time this Order will be dissolved. Under 7

21 U.S.C. § 499e(c)(2) of the Perishable Agriculture Commodities Act ("PACA"), the assets

22 subject to this Order include all of the assets of Seven Stars Fruit Company LLC and

Monte Maberry, including but not limited to any and all bank accounts at any and all financial institutions, unless Defendants can prove to this court that a particular asset is not (1) derived from perishable agricultural commodities, (2) other products derived from perishable agricultural commodities, or (3) receivables or proceeds from the sale of such commodities or products.

IT IS FURTHER ORDERED that in the event Defendants Seven Stars Fruit Company LLC and Monte Maberry fail to pay Plaintiff $786,810.28 by cashiers or certified check within two (2) business days of service of this Order, then Defendants shall file with this court, with a copy to Plaintiff's counsel, an accounting that identifies all of their assets, liabilities, and each account receivable of Seven Stars Fruit Company LLC signed under penalty of perjury; and that Defendants shall also supply to Plaintiff's counsel, within five (5) days of the date of this Order, any and all documents in connection with the assets and liabilities of Seven Stars Fruit Company LLC and its related and subsidiary companies, including, but not limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records, and income tax returns.

IT IS FURTHER ORDERED, that this temporary restraining order shall remain in effect for 14 days as permitted by Rule 65(b)(2), and shall therefore expire on June 4, 2012.

IT IS FURTHER ORDERED, that a hearing shall be held on Plaintiff's motion for a preliminary injunction on May 31, 2012, at 11:00 a.m. in the Federal Courthouse in Seattle, Washington.

ORDER- 3

1    IT IS FURTHER ORDERED, that Defendants file a response to Plaintiff's motion
2  for a preliminary injunction on or before May 28, 2012, and that Plaintiff file a reply brief
3  on or before May 30, 2012.

4    IT IS FURTHER ORDERED, that Plaintiff immediately submit a bond pursuant
5  to Federal Rule of Civil Procedure 65(c) in the sum of $5,000.  Bond may be posted in
6  cash with the Clerk's Office.

7    Dated this 21st day of May, 2012.

 

 

 

The Honorable James L. Robart
U.S. District Court Judge

ORDER- 4